```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

JOSEPH BUTLER,                  }
                                }
     Plaintiff,                 }
                                }    CIVIL ACTION NO.
v.                              }    04-AR-2551-S
                                }
CITY OF CALERA,                 }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion to compel filed by plaintiff, Joseph Butler ("Butler"). Butler brings claims for race discrimination and retaliation under Title VII against the City of Calera ("Calera"). Butler also alleges discrimination based on his association with a disabled person, invoking Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act, and invoking the Family Medical Leave Act, claiming that he was wrongfully denied leave and retaliated against.

After the filing of Butler's first motion to compel, and after the parties were given an opportunity to argue the motion at the court's motion docket of August 26, 2005, the court entered an order deferring its ruling until September 2, 2005. During the interim the parties resolved all but two of the discovery disputes, whereupon Butler filed a supplemental motion on September 2, 2005 reducing the scope of his proposed discovery. For the reasons hereinafter stated, Butler's original motion is MOOT in most respects, and the court will grant Butler's supplemental motion in

part, and deny it in part.

## Analysis

**I. Personnel Files**

Butler originally requested production of the entire personnel file for every employee of Calera. Butler has since revised his demand, asking only for the files of the Public Works Division employees. Calera has agreed to produce the Parks and Recreation Department personnel files, the subset of the Public Works Division that employed Butler. Calera contends that only the Parks and Recreation employees were eligible to receive the promotion denied to Butler, so that only these files are relevant. Butler argues to the contrary that Mr. Jones, the Public Works Director, had the final say in all promotion decisions in the entire Public Works Division, including those related to openings in the Parks and Recreation Department.

If Butler must prove that he was not promoted for discriminatory reasons, he might well be able to support such a claim with evidence of similar acts of discrimination aimed at other employees by the same decisionmaker. For this reason, discovery of the personnel files of the entire Public Works Division is proper. In exercising its discretion under Rule 26, and in light of Butler's offer to inspect the personnel files to determine first what information needs to be copied, the court hereby GRANTS Butler's motion in this regard and ORDERS Calera within 10 days to provide Butler with the opportunity to examine

the personnel files of the Public Works Division. After that inspection, Calera is hereby ORDERED to produce copies of all files which Butler requests, the cost of copying to be borne by Butler.

**II. EEOC Responses**

Butler seeks to compel Calera to produce all EEOC responses regarding Larry Dugan ("Dugan") and Richard Russell ("Russell"). Calera counters that these responses were prepared by its regular attorney, are kept in his files, and are his proprietary work product. It is unknown how Calera can assert the work product privilege without having first examined the requested files. Butler's motion in this regard is GRANTED and Calera is ORDERED to produce within 10 days any information related to the EEOC responses regarding Dugan and Russell, but only to the extent that Calera does not assert that these documents are privileged work product after reviewing them, and after producing them within 10 days to the court for *in camera* inspection, after which a determination will be made by the court as to whether the files are discoverable.

**<u>Conclusion</u>**

To the extent Butler's supplemental motion to compel was neither granted nor is moot as above stated it is DENIED.

DONE this 8th day of September, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE